# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**DANNY LAFAIL WHITE**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:11-CR-48

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
  - [x] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  - [ ] under 18 U.S.C.§924(c).
- [x] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with two separate conspiracies to deliver powder cocaine and crack cocaine. He apparently has lived his entire life in Grand Rapids. The extent of his employment history is uncertain because his report to the Pretrial Services officer was inconsistent with his testimony in court. He has denied to the Pretrial Services officer the use or experimentation with illicit drugs, but according to a presentence report defendant used cocaine daily. Defendant has a record as both a juvenile and an adult. His first adult conviction was in 1995 for carrying a concealed weapon in an automobile, although he had been charged with open murder after firing a gun at two people, killing one of them and (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the presence of the defendant or the safety of the community based on the unrebutted presumption. In the alternative, I find that the government has met its burden on both of these issues independent of the presumption based upon defendant's extensive criminal history, the violent nature of a portion of that history, and his demonstrated disregard for his court obligations based on his failures to report.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 1, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq. ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq. ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v.  **DANNY LAFAIL WHITE**
1:11-CR-48
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

seriously injuring the other.  The state court placed him on probation for the concealed weapon offense, but probation was later revoked when he failed to report, failed to obtain employment, and shot at two more people, hitting one of them in the foot.  The latter incident led to a conviction for assault with great bodily harm with a one-year jail sentence and four years probation.  Defendant also violated that probation by failing to report and defendant was given 16 months to ten years in prison.  Defendant was subsequently paroled in early 2001 and discharged from parole two years later.  Since being discharged from parole, he has been convicted of seven more offenses.  During the same period of time he has also failed to report for a court proceeding nine times.  Two additional times, warrants were issued because he failed to complete a program or a work crew requirement.

**Part II - Written Statement of Reasons for Detention** - (continued)